In the Matter of the Estate of HENRY KAHN, Deceased.

Surrogate's Court, New York County, April 10, 1928.

**Executors and administrators — accounting — widow claims that certain stocks, bonds, or their money equivalent, are her individual property — evidence sustains her contention.**

The widow of the testator filed objections to the account of the executors on the ground that certain stocks, bonds, or their money equivalent, set forth as being the assets of the estate, are, in fact, her individual property. The evidence satisfactorily discloses that on March 5, 1919, the widow opened an account with a brokerage house; that she used her own funds in opening that account; that it was continued until January 9, 1923, when an account was opened with the same concern in the name of the testator, and that the widow permitted her

husband to use a portion of the funds she then had in that account to carry on the continued account. Furthermore, there is no evidence to show that the testator, notwithstanding he handled the account while it stood in the name of the widow, invested or deposited any money of his own in the first account.

ACCOUNTING proceeding by executors.

*Henry Greenberg,* for the petitioners.

*Robert Seelav,* for the contestant.

O'BRIEN, S. This is an accounting proceeding by the executors of the above-named testator. The widow, May Kahn, filed objections to the account on the ground that certain stocks, bonds or their money equivalent are set forth in the account as being assets of the estate whereas the same are her individual property. These objections came on for a hearing and a trial was had at which testimony was taken and documentary proof submitted. The following witnesses appeared and testified: Horatio Heinsohn, connected with the brokerage house of Seligsburg & Co.; Lansing A. Wood, an employee of the Corn Exchange Bank, and May Kahn, the claimant. Mr. Heinsohn produced the records of Seligsburg & Co., showing that a trading account was opened with that firm in the name of May Kahn, the claimant, on March 5, 1919. He also produced the records of an account opened in the name of Henry Kahn, the deceased, on January 9, 1923, on which date the account of May Kahn was closed. Mr. Wood, representing the Corn Exchange Bank, produced and identified the records of that bank showing an account in the name of May Kahn, opened on May 28, 1917. He also produced a number of canceled checks drawn on said bank account and signed " May Kahn, by Henry Kahn, attorney." All these exhibits were received and marked in evidence without objection on the part of the executors. Moreover, the claimant, who had not testified previously, was called to the witness stand by the executors who made her their witness. She was interrogated concerning the source from which she originally acquired her money, the manifest purpose being to elicit from her some statement that she had received the money from her husband. There the executors were disappointed for she testified that the money was her own except an allowance that she received from her husband of $25 per week for household expenses. No other testimony was offered and no other documentary proof presented. The executors offered nothing in their own behalf. The evidence adduced shows that the first account of Seligsburg & Co. in the name of this claimant was opened with her own money. There is no evidence of any kind to prove that Henry Kahn himself, notwithstanding the fact that he handled the account while it

stood in the May Kahn name and in his own name, invested or deposited any money of his own in such first account. The proofs show that all of the securities in said account of May Kahn which made up its balance on the 9th day of January, 1923, were transferred by Henry Kahn on that date into the account in his own name. He continued to trade in that account. When he closed the May Kahn account there was with Seligsburg & Co., in stocks, bonds or money, the sum of $35,648.43, which was transferred to his account. When he died there was to his credit the sum of $40,029.68. Mrs. Kahn does not claim all of this property but does claim specified stocks which were sold by the executors for the sum of $24,339.60. The particular securities which she claims were her property, notwithstanding that they stood in the name of her husband at the time of his death, have been agreed to by stipulation. Her testimony is to the effect that she advanced her own money to her husband at the time he opened the account in her name. That such testimony is true is particularly emphasized by the fact that the canceled vouchers drawn on the Corn Exchange Bank to Seligsburg & Co. on account of purchases of stocks or bonds by them show that such checks were drawn on her account in the Corn Exchange Bank and by Henry Kahn as her attorney. I, therefore, hold that the uncontradicted evidence sustains the validity of May Kahn's claim; that the stocks and bonds set forth in the stipulation were, at the time of Henry Kahn's death, the individual property of the claimant, and upon their subsequent sale by the executors she became entitled to the proceeds. Submit decree on notice settling the account accordingly.